SMITH *v.* J. T. OSGOOD PR. & N. G. ORDWAY TR. AND ABEL PROCTOR & SON, CLAIMANTS.

Where an officer is requested to attach property on a writ, if the title is doubtful he may demand an indemnity of the creditor before attaching it, and if such indemnity is not given, he is under no obligation to attach it.

So where the officer is directed to arrest the body of a debtor, if he has doubts about the propriety of the arrest he may demand a like indemnity, and unless he receive it he is not obliged to make the arrest.

After an officer has attached personal property on mesne process, without any controversy as to the title at the time of the attachment, and afterwards the property is claimed by a third person, he may then demand of the creditor an indemnity before proceeding farther.

If there are several creditors some of whom indemnify the officer when requested, and others who do not, the officer will sell the property, the title to which is thus in dispute, upon the writs or executions of those creditors only who gave the indemnity.

Those creditors who refused to give the indemnity will be estopped from claiming the avails of such property on their writs or executions, even though their attachments of it on mesne process were prior to those attachments where the property has been applied.

THE writ in this case is dated August 20, 1862, and was served upon the trustee, August 25, 1862.

The plaintiff claims to charge the trustee for the sum of $403, upon the following facts. In January, 1858, certain writs, one in favor of Timothy Osgood, one in favor of the Union Bank, and one in favor of Phillip C. Flanders, and two in favor of the claimants in this case— Abel Proctor & Son—were placed in the hands of the trustee for service, and on them he attached certain hemlock bark as the property of the principal defendant, the attachment of the claimants being subsequent to the other attachments. Subsequently, one Enoch Page made a demand upon the trustee to give up said bark, and trustee thereupon notified all the attaching creditors of Page's claim, for the purpose of being indemnified against it, and the claimants thereupon gave him a bond, and requested him to disregard Page's claim, which he did. Page then commenced a suit in trover against the trustee to recover the value of said bark, and the claimants, being notified of that fact, appeared and took upon themselves the defence of that suit. The trustee prevailed therein and recovered his costs. The other attaching creditors gave no indemnity to the trustee, and in no way aided or assisted in the defence of the suit of Page against the trustee, though they knew of the pendency of said suit. The suits of the claimants against the principal defendant were prosecuted to final judgment, and executions were duly issued thereon, and within thirty days from the rendition of said judgments one of said executions for a greater amount than the funds in the hands of the trustee was placed in his hands with the request that he would apply the sum of $403, that being the proceeds of said bark, thereon. Executions in favor of the other attaching creditors were also in due time placed in his hands. The trustee being in doubt as to which execution the sum of $403 should be applied on, did not apply the same, and did not return the executions on the return day, but retained them and said sum of $403 in his hands until the present time, and now has said sum in his hands.

The questions thus arising were reserved for determination by the whole court.

*Flint,* and *George, Foster & Sanborn,* for plaintiff.

*A. & F. A. Fowler,* for trustee.

*Morrison, Stanley & Clark,* for claimants.

SARGENT, J.   Where an officer is requested to attach property on a writ, if the title is doubtful he may demand an indemnity of the creditor before attaching it, and if such indemnity is not given he is under no obligation to attach it. *Perkins* v. *Pitman,* 34 N. H. 261 ; *Bond* v. *Ward,* 7 Mass. 123.   So where the officer is directed to arrest the body of a debtor, if he has doubts about the propriety of the arrest, he may demand a like indemnity, and unless he receive it he is not obliged to make the arrest. *Marsh* v. *Gold,* 2 Pick. 284, 290.

The question here arises, whether, after the officer has attached property on mesne process without any controversy about the title at the time, and he is afterwards proceeding to sell the same upon the writ, or upon the execution after judgment, and third persons then step in and claim the property and forbid the officer to sell the same, it is the duty of the officer to sell the property at his peril, or whether he may then demand of the creditor an indemnity, and refuse to sell unless such indemnity is given.

In this case it seems that all the executions were placed in the officer's hands within thirty days from the rendition of judgment, and if no indemnity had been claimed the property attached should have been applied in the order of the attachments.   If the controversy as to the title had arisen in this case at the time of the attachment, and an indemnity had then been demanded, there is no doubt that for the benefit of such creditors as gave the required indemnity, the officer must proceed and make the attachments in their order, and might decline to do anything for the others who did not give the indemnity, and we think the same rule should be applied in this case.   We assume in this case, though the case is not quite explicit on that point, that the officer not only notified all the creditors but that he made them understand fully the situation of the case, and demanded of them in terms the indemnity, and that they decided deliberately not to furnish the indemnity and risk the consequences.   The officer should do this business so that there should be no room for misunderstanding or collusion.   Page made his claim on the bark and insisted upon it, and brought his suit against the officer.   These claimants gave the indemnity which the officer demanded.   The other creditors did not.   It would hardly be equitable now that the other creditors, who have stood by and neither given any indemnity nor assisted in the defense of the suit against the officer, should receive the whole benefit of the claimants' industry and money in defending that suit, and of their indemnifying bond, while the claimants themselves get nothing for their trouble and expense, nor any part of their claim,

while those who incurred no liability and who did nothing, get the whole.

We think, in this case, if no one had indemnified, the officer might properly have refused to sell, and all the creditors would have been estopped to sue the officer, so far at least as the property claimed by Page was concerned, and that, as it was, he was only obliged to sell such property on the claimants' execution. No question is here raised concerning the application of any surplus after paying claimants' debt, for the case finds that the avails of the whole bark are not sufficient to pay the first execution of these claimants.

But the plaintiff claims that, because the officer did not make the application upon the execution at the time, he cannot now do so, but that the money belongs to Osgood, the principal defendant, and can be held in this suit in the hands of the officer as trustee. But we cannot so regard it. If the property in this case had been delivered to a receipter, who had refused to deliver it on demand, and, after execution was recovered, the officer had brought suit on the receipt, and had after a long time recovered, and suppose he had kept his execution till the termination of the suit, though long after the return day of the execution, could he not be allowed to apply the property on the execution? It might have been the more proper course for the officer in each case to return his execution on the return day, making return of whatever he had done up to that time, and take a new one on which to make a future return. In this case the officer delayed from uncertainty as to which execution he should make the application upon. He should perhaps have returned them with his doings, and asked directions from the court as to the application of the money. But this suit was soon brought in which the officer's liability would be settled, and he has waited till now. We think he may now make the application, and that no one but the creditor can complain of the delay, who is the claimant in this case.

*Trustee discharged.*